IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT TEBBETTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:15-cv-1055-JDT-egb |
| | ) | |
| MADISON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED REPORT AND RECOMMENDATION**[1]

On March 16, 2015, Plaintiff Robert Tebbetts, a resident of Medon, Tennessee filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 against the Madison County Jail, the Madison County Sherriff's Department, Jackson City Police, Jeremy Glenn Hayes, Kenneth Lamar Hicks, and Sam Dawson. On April 22, 2015, the Plaintiff submitted a properly completed *in forma pauperis* affidavit. In an order issued on April 23, 2015, the Court granted leave to proceed *in forma pauperis*.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

BACKGROUND

---

[1] The caption in the original Report and Recommendation (D.E. 14), incorrectly identified Mr. Tebbetts as "Richard Tebbetts." The correction of Mr. Tebbetts' name is the only amendment to the Report and Recommendation.

The Complaint alleges that Defendant Kenneth Lamar Hicks was the owner of a lease held by Plaintiff. (Compl., D.E. 1). Plaintiff contends that Mr. Hicks recruited Defendant Jeremy Glenn Hayes to "annoy" him, alleging Mr. Hayes assaulted Plaintiff on multiple occasions. Id. Plaintiff stated in the Complaint that he sought assistance from the Madison County Sherriff's Department and the Jackson City Police. Id. On March 17, 2014, Plaintiff states that he went to City Hall to seek assistance and was arrested. Id. According to the Complaint, Plaintiff asserts that he was held in jail for seven (7) days; and on March 24, 2014, Mr. Hayes and seven (7) other individuals filed domestic aggregated assault with deadly force charges against Plaintiff. Id. The Complaint also maintains that Mr. Hayes testified at an unspecified hearing and committed perjury during said testimony. Id. An Attachment to the Complaint indicates that on March 17, 2014, Plaintiff was arrested and held for aggravated assault and failure to appear. Booking Rep., ECF No. 1, 6.

Plaintiff contends that while he was incarcerated, "Officer Ifantis" (sic) of Madison County Sheriff's Office used a Taser and mace several times while Plaintiff was in handcuffs. Id. Plaintiff alleges that the actions of the deputy resulted in a five day hospitalization due to a broken nose. Id. According to the incident report, Deputies Ifantis, Wester, and Mayo were

called to Plaintiff's cell on June 27, 2014, because Plaintiff refused to enter his cell for lock down. (Incident Rep., D.E. 1-14) The report alleges that Plaintiff had a cup of an unknown liquid that Plaintiff threw towards the deputies, at which point Deputy Wester used his Taser to subdue Plaintiff. Id. During the period Plaintiff was hospitalized, he complains that he not allowed visitors, mail, or telephone privileges. (Compl., D.E. 1). Plaintiff states that since his release from jail on July 29, 2014, he has been homeless. Id.

Plaintiff asserts that he should be paid compensation for his incarceration, based on the allegation that he was held without cause. Id. Plaintiff also requests restitution for the loss of his home and its contents during his time in jail. Id. The Plaintiff further requests that if he is ever arrested in the Twenty-Sixth District, he would like to detained in different area in order to avoid "the beatings and tazing and macing while incarcerated." Id.

## ANALYSIS

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or portion thereof, if the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). When determining whether the complaint states a

claim on which relief may be granted, the standards under Fed. R. Civ. P. 12 (b) (6) are applied. Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007); Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well- pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alternation in original). "[P]leadings that . . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 n. 3 ("Rule 8 (a) (2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'ground' on which the claim rests.")

"A complaint can be frivolous either factually or legally. See Neitzke v. [Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827

4

[(1989)]. Any complaint that is found to be legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827. Id. at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). However, pro se litigants are not exempt from complying with the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), reh'g denied (Jan. 19,1990); see also Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 21, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading

5

requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. app'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her") cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

In this case, Plaintiff asserts that the Defendants violated the Civil Rights Act of 1964 under 42 U.S.C., § 1983. In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of the state law." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1244 (6th Cir. 1989) quoting West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250. 2255, 101 L. Ed.2d 40 (1988).

### Defendants Hayes, Hicks and Dawson

The Plaintiff cannot sue Defendants Hayes, Hicks, or Dawson because they are individuals who do not act under the color of state law. "A § 1983 Plaintiff may not sue purely private

6

parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir.) In the Complaint, Plaintiff makes no allegation that the aforementioned individuals are employees of the state. Generally to be considered to have acted "under color of state law," the person charged must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 2754, 73 L. Ed.2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352, 95 S. Ct. 449, 454, 42 L. Ed.2d 477 (1974). There are no allegations in the complaint that reasonably suggest that Defendants Hayes, Hicks, or Dawson engaged in any conduct that could be construed as "state action." Accordingly, the Magistrate Judge recommends that the Court dismiss these Defendants.

### Defendants Madison County Jail, Madison County Sheriff's Department and the Jackson Police Department

The Court will construe these claims as against the city and the county, as these named entities, the Madison County

Jail, the Sheriff's Department, and the Jackson Police Department, are not legal entities against whom a suit can be directed. Moomey v. City of Holland, 490 F. Supp. 188 (W.D. Mich.1980) (police department is merely creature of the city under state statute; city is real party in interest); see also Crawford v. Zeitler, 326 F.2d 119, 121 (6th Cir. 1964); Hughson v. County of Antrim, 707 F. Supp. 304 (W.D. Mich. 1988).

When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120, 112 S. Ct. 1061, 1066, 117 L. Ed.2d 261 (1992). The Court will address the issues in the reverse.

A municipality cannot be held liable under § 1983 under the theory of respondeat superior. Monell v. Dep't of Soc. Serv.,436 U.S. 658, 691, 98 S. Ct. 2018, 2036-38, 56 L. Ed.2d 611 (1978); ,436 U.S. 658, 691, 98 S. Ct. 2018, 2036-38, 56 L. Ed.2d 611 (1978); Searcy v. City of Dayton, 38 F.2d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1445 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed to distinguish acts of the *municipality* form acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is

8

actually responsible." City of St. Louis v. Praprotnik, 485 U.S. 112, 138, 108 S. Ct. 915, 931-32, 99 L. Ed.2d 107 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-80, 106 S. Ct. 1292, 89 L. Ed.2d 452 (1986) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691-92, 98 S. Ct. at 2035-36; Deaton v. Montgomery Co., Ohio, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decision-making channels,' such a custom may still be the subject of a § 1983 suit." Alkire, 330 F.3d at 815 (quoting Monell, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting Polk Co. v. Dodson, 454 U.S. 312, 326, 102 S. Ct. 445, 454 (1981) (citation omitted)).

In the instant Complaint, Plaintiff has not alleged that the city or county acted pursuant to a municipal policy or custom in causing Plaintiff's alleged harm, and nothing in the Complaint demonstrates that that any of the Defendants actions occurred as a result of a policy or custom implemented or endorsed by Jackson City or Madison County. Consequently, the Complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against Jackson City or Madison County. The Magistrate Judge recommends that Plaintiff be allowed fourteen days to amend his complaint to correct these deficiencies.

## CONCLUSION

For these reasons, the Magistrate Judge recommends that Defendants Hayes, Hicks, and Dawson be dismissed and Plaintiff be allowed fourteen days to amend his claims against Defendants City and County.

Respectfully submitted this 14th day of July, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**