IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT TEBBETS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1055-JDT-egb |
| ) | |
| MADISON COUNTY JAIL, ET AL., ) | |
| ) | |
|     Defendants. ) | |

ORDER DISMISSING COMPLAINT,
DENYING MOTION TO APPOINT COUNSEL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 16, 2015, the *pro se* Plaintiff, Robert Tebbets, filed this action pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2, 3, 4, & 5.) United States Magistate Judge Edward G. Bryant granted leave to proceed *in forma pauperis* on April 23, 2015. (ECF No. 13.) On July 2, 2015, Magistrate Judge Bryant issued a Report and Recommendation ("R&R")[1] in which he recommended dismissing the claims against Defendants Jeremy Glenn Hayes, Kenneth Lamar Hicks, and Sam Dawson because they are private individuals who did not act under color of state law. (ECF No. 14 at 6-7.) The Magistrate Judge also recommended granting Plaintiff an opportunity to amend

---

[1] The R&R inadvertently listed Plaintiff as in the case caption as "Richard Tebbetts" rather than Robert Tebbetts. An amended R&R correcting that error was issued on July 14, 2015 (ECF No. 15); that was the only change in the amended R&R.

his claims against Madison County and the City of Jackson to allege that he was harmed as a result of a governmental policy or custom. (*Id.* at 7-10.)

Objections to the R&R were due within fourteen days after service, on or before July 20, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a)(1), (d). However, Plaintiff filed no objections. Therefore, on July 30, 2015, the Court adopted the R&R, dismissing the claims against the individual Defendants and granting Plaintiff fourteen days in which to amend his complaint against Madison County and the City of Jackson. (ECF No. 16.) The Court warned that failure to file an amended complaint would result in dismissal of the action without further notice. (*Id.* at 1-2.)

Plaintiff has not filed an amended complaint, and the time within which to do so has expired. Therefore, this case is DISMISSED in its entirety for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion to appoint counsel is DENIED as moot.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."

2

If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE